```
 1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
 2    Including Professional Corporations
    EDWARD D. VOGEL, Cal. Bar No. 110081
 3  evogel@sheppardmullin.com
    MARK G. RACKERS, Cal. Bar No. 254242
 4  mrackers@sheppardmullin.com
    501 West Broadway, 19th Floor
 5  San Diego, California 92101-3598
    Telephone:    619-338-6500
 6  Facsimile:    619-234-3815

 7  Attorneys for Defendants
    WELLS FARGO BANK, N.A., sued individually and
 8  dba AMERICA'S SERVICING COMPANY, and
    MORTGAGE ELECTRONIC REGISTRATION
 9  SYSTEMS ("MERS")
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SHAPOURI and LAURA AMANDA SHAPOURI,<br><br>Plaintiffs,<br><br>v.<br><br>NDEX WEST, LLC, a Delaware Limited Liability Corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION, dba AMERICA'S SERVICING COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:11-cv-1699-W-MDD<br><br>**DEFENDANTS WELLS FARGO BANK'S AND MERS' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT**<br><br>Assigned to: Hon. Thomas J. Whelan<br><br>Date:     September 10, 2012<br>Dept.:    7<br><br>Complaint Filed: June 30, 2011<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)** |

# TABLE OF CONTENTS

|    |    | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 2 |
| III. | PLAINTIFFS' MOTION IS FUTILE | 3 |
| | A. Plaintiffs' Claims are Time-Barred. | 3 |
| | B. Plaintiffs' Claims are Untimely and Barred by California Law, the Existence of Publicly-Recorded Documents and Plaintiffs' Failure to Tender. | 4 |
| IV. | PLAINTIFFS HAVE NOT DEMONSTRATED SUFFICIENT GROUNDS TO VACATE THE COURT'S JUDGMENT | 5 |
| V. | PLAINTIFFS SHOULD HAVE RECEIVED NOTICE OF DEFENDANTS' MOTION TO DISMISS | 6 |
| VI. | CONCLUSION | 7 |

SMRH:406584397.1

-i-　　Case No. 3:11-cv-1699-W-MDD
DEFENDANTS WELLS FARGO BANK'S AND MERS' OPPOSITION
TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT

# TABLE OF AUTHORITIES

Page(s)

Cases

*Albrecht v. Lund*
   845 F.2d 193 (9th Cir. 1988) ............................................................................................4

*Brandt v. American Bankers Ins. Co. of Florida*
   653 F.3d 1108 (9th Cir. 2011) ..........................................................................................4

*Falk v. Allen*
   739 F.2d 461 (9th Cir. 1984) ............................................................................................3

*Gabrielson v. Montgomery Ward & Co.*
   785 F.2d 762 (9th Cir. 1986) ............................................................................................4

*Hamilton v. Bank of Blue Valley*
   746 F. Supp. 2d 1160 (E.D. Cal. 2010) ............................................................................6

*Manantan v. National City Mortg.*
   2011 WL 3267706 (N.D. Cal. July 28, 2011) ..................................................................4

*Miller v. Provost*
   26 Cal. App. 4th 1703 (1994) ...........................................................................................6

*Miller v. Wash. Mut. Bank, F.A.*
   776 F. Supp. 2d 1064 (N.D. Cal. 2011) ...........................................................................6

*Nguyen v. Calhoun*
   105 Cal. App. 4th 428 (2003) ...........................................................................................6

*Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*
   507 U.S. 380 (1993) .........................................................................................................6

*Stonkus v. City of Brockton Sch. Dept.*
   322 F.3d 97 (1st Cir. 2003) ...........................................................................................7, 8

*In re Worldwide Web Sys.*
   328 F.3d 1291 (11th Cir. 2003) ................................................................................3, 4, 6

Statutes

Cal. Civ. Code § 338 ...............................................................................................................4

Cal. Civil Code §§ 1916.7, 1920, 1921 .............................................................................2, 4

Other Authorities

Fed. R. Civ. P. 60(b) ..........................................................................................2, 3, 8

Defendants Wells Fargo Bank, N.A., sued individually and dba America's Servicing Company ("Wells Fargo"), and Mortgage Electronic Registration Systems ("MERS" and, collectively, "Defendants") hereby submit their Opposition to Plaintiffs' Moiton to Set Aside Judgment pursuant to Fed. R. Civ. P. 60(b) ("Motion").

## I.

## INTRODUCTION

On July 23, 2012, this Court granted Defendants' motion to dismiss Plaintiffs' First Amended Complaint ("FAC") because Plaintiffs' Cal. Civil Code §§ 1916.7, 1920, 1921 and negligent misrepresentation claims were time-barred and because Plaintiffs' rescission and quiet title claims were undermined by state law, publicly-recorded documents, and Plaintiffs' failure to tender. Because Plaintiffs could not amend to cure these defects, the Court dismissed Plaintiffs' FAC with prejudice. *See* ECF No. 19. This was the second motion to dismiss granted by the Court. *See* ECF No. 8. In its first dismissal order, the Court emphasized the statute of limitations and tender problems (among others) and gave Plaintiffs limited leave to amend to attempt to fix these defects. *Id.* Unfortunately for Plaintiffs, they failed, as the problems were fatal and unfixable.

This Court also noted that Plaintiffs had not opposed Defendants' motion to dismiss, and determined that Defendants' motion should be granted on that ground as well. *See* ECF No. 19, p. 4:18-21 ("there is no evidence before the Court that Wells Fargo and MERS' moving papers failed to reach the mailing address designated in their Proof of Service (which also indicates that the Shapouris were electronically served with the papers) ... the Court deems the Shapouris's failure to oppose Wells Fargo's and MERS' motion to dismiss as consent to its merits.").

In their Motion, Plaintiffs seek to vacate the Court's judgment. Plaintiffs, however, fail to detail how they would have successfully opposed Defendants' motion to dismiss, nor have they proffered a proposed opposition. Plaintiffs also fail to offer any indication as to how they would amend their FAC, if they were afforded leave to do so. Instead, Plaintiffs simply argue the Court's judgment should be set aside because "Plaintiffs'

-1-

Case No. 3:11-cv-1699-W-MDD

counsel never received [Defendants'] Motion to Dismiss and, therefore, did not prepare a response to such." Motion, p. 5:13-15. Plaintiffs' Motion is an exercise in futility. No amount of opposing, or amending, would make Plaintiffs' claims timely, create a tender where none was made, change existing law or alter documents that have been publicly-recorded.

Moreover, Plaintiffs' "excuse" for not responding to Defendants' motion to dismiss is insufficient to overturn the Court's judgment. Plaintiffs simply failed to diligently prosecute their action. Defendants' papers had been lodged with the Court's online docket since January of this year, which Plaintiffs would have noticed if they had checked the docket at any time in the last seven months. If Plaintiffs were diligently prosecuting their action, and truly believed that Defendants had failed to respond to their FAC, they would have sought a default.

Finally, Plaintiffs should have received notice of Defendants' motion to dismiss. As the Court noted in its Order, there is no evidence that Defendants' moving papers failed to reach the mailing address designated in the proof of service and on record with the Court. Moreover, with electronic filing, Plaintiffs should have also received an electronic version of the papers. Indeed, Plaintiffs used the same filing system (and the same email address) to file and receive various pleadings throughout this litigation.

For each of these reasons, any one of which is sufficient, Plaintiffs' Motion should be denied and the Court's judgment should stand.

## II.

## LEGAL STANDARD

"To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Falk v. Allen*, 739 F.2d 461, 463

SMRH:406584397.1
DEFENDANTS WELLS FARGO BANK'S AND MERS' OPPOSITION
TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT

(9th Cir. 1984); *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

## III.

## PLAINTIFFS' MOTION IS FUTILE

In order to establish a meritorious defense, the moving party "must make an affirmative showing of a defense that is likely to be successful." *In re Worldwide Web Sys.*, 328 F.3d at 1296. In their Motion, Plaintiffs fail set forth a valid claim that would have affected the outcome of this action. Nor can they. As noted above, this Court properly granted Defendants' motion to dismiss for a number of reasons. Not only did Plaintiffs fail to oppose Defendants' motion, which is grounds for granting the motion pursuant to Civil Local Rule 7.1(f.3.c), but Plaintiffs' FAC was fatally defective and its defects could not be cured by amendment. "[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *see Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 767 (9th Cir. 1986) ("The denial of plaintiff's motion for leave to amend was a proper exercise of discretion because amendment would have been futile."). Because Plaintiffs could not cure the defects in their FAC, allowing Plaintiffs to amend their action yet again would (i) be futile, (ii) unfairly prejudice Defendants, and (iii) waste the limited resources of this Court. Plaintiffs' Motion should be denied.

A. **Plaintiffs' Claims are Time-Barred.**

As the Court notes in its Order, Plaintiffs' claims for violation of Civil Code Section 1916.7 and negligent misrepresentation are subject to a three-year statute of limitations. *See* ECF No. 19, p. 5:6-9 (*citing Manantan v. National City Mortg.*, 2011 WL 3267706, at *3 (N.D. Cal. July 28, 2011); Cal. Civ. Code § 338). Because Plaintiffs' first, second and fifth causes of action each relate to alleged violations and misrepresentations that occurred at the time their loan closed in or about March 2005, and Plaintiffs did not file their action until June 30, 2011, their claims are clearly time-barred.

Moreover, Plaintiffs failed to allege any facts that would support equitable tolling. Indeed, prior to filing their FAC, the Court warned Plaintiffs that such facts would be necessary for their claims to survive dismissal. *See* ECF No. 19, p. 5:11-20; ECF No. 8, p. 8:5-10. Plaintiffs either failed to heed this warning or, more likely, were simply unable to allege the facts necessary to invoke equitable tolling. Instead, Plaintiffs effectively conceded in their FAC that they should have been on notice of Defendants' alleged violations when they signed their loan documents in 2005. *See* ECF No. 19, p. 6:1-9.

Last December, the Court granted Plaintiffs an opportunity to amend their pleadings to demonstrate why their claims should not be dismissed as untimely. Plaintiffs failed to do so, and do not deserve another chance. No amount of amending can change the fact that Plaintiffs' claims relate to actions that occurred over seven years ago, well outside the applicable statute of limitations.

Plaintiffs have offered no facts, nor can they, to save their first, second and fifth causes of action. The Court's ruling was proper as to these claims and should not be vacated.

B. **Plaintiffs' Claims are Untimely and Barred by California Law, the Existence of Publicly-Recorded Documents and Plaintiffs' Failure to Tender.**

Not only have Plaintiffs proffered no support of their Civil Code and negligent misrepresentation claims, their third cause of action for rescission/cancellation and their fourth cause of action for quiet title are unsupported (and unsupportable) and were properly dismissed with prejudice.

In their FAC, Plaintiffs claimed they are entitled to rescission/cancellation and to quiet title because their consent was allegedly induced by fraud (and/or mistake) and because there was no recorded assignment of the loan and no recorded substitution of trustee. *See* FAC (ECF no. 9), ¶¶ 85-88, 95-96. Again, as demonstrated above, Plaintiffs' fraud claim is time-barred.

Furthermore, as the Court details in its Order, California law does not require the recording of an assignment of a beneficial interest in a loan before initiating non-judicial

foreclosure proceedings. *See* ECF No. 19, p. 6:16-18 (*citing Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003)).

The Court also properly took judicial notice of publicly-recorded documents that establish that an assignment and a substitution of trustee *were* recorded with the San Diego County Recorder's Office. *See* ECF No. 19, p. 18-20; ECF No. 4-2, 4-3, p. 55, 57-58. In fact, the Court properly took judicial notice of these documents prior to Plaintiffs filing their FAC, yet they inexplicably maintained that such documents did not exist as a basis for their claims.

Finally, even if Plaintiffs had a legal basis to seek rescission and to quiet title (they do not), Plaintiffs' claims failed for lack of tender. *See* ECF No. 19, p. 6-7 (*citing Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994); *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177-78 (E.D. Cal. 2010); *Miller v. Wash. Mut. Bank, F.A.*, 776 F. Supp. 2d 1064, 1069 (N.D. Cal. 2011)). Once again, last December, the Court gave Plaintiffs an opportunity to cure this pleading defect (ECF No. 8, p. 9:1-9), but it became clear they could not. Accordingly, Plaintiffs are not entitled to rescission/cancellation and/or to quiet title.

For each of these reasons, any one of which is sufficient, Plaintiffs' third and fourth causes of action were properly dismissed with prejudice. Forcing Defendants to respond to yet another pleading from Plaintiffs – pleadings that suffer from the same fundamental deficiencies that cannot be remedied – would be prejudicial to Defendants and a waste of both Defendants' and the Court's time and resources. Plaintiffs' Motion should be denied.

## IV.

## PLAINTIFFS HAVE NOT DEMONSTRATED SUFFICIENT GROUNDS TO VACATE THE COURT'S JUDGMENT

The determination of what constitutes "excusable neglect" is an equitable one and Plaintiffs must not only demonstrate a meritorious defense, but also that a "good reason" existed for not opposing Defendants' motion to dismiss. *See In re Worldwide Web Sys.*, 328 F.3d at 1295; *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395

1  (1993) (the determination "is at bottom an equitable one, taking account of all relevant
2  circumstances surrounding the party's omission."). Plaintiffs' Motion is short on details
3  regarding how or why they did not receive notice of Defendants' motion to dismiss. Even
4  if Plaintiffs' claim is true (and evidence suggests otherwise), their excuse is insufficient to
5  vacate the Court's judgment.

Plaintiffs' failure to oppose Defendants' motion to dismiss, after failing to check the Court's online docket for seven months, should not be considered excusable neglect. For example, in *Stonkus v. City of Brockton Sch. Dept.*, 322 F.3d 97, 101 (1st Cir. 2003), the court denied the movant's request to belatedly oppose a motion for summary judgment because "the stated reasons for the neglect — confusion over filing dates and busyness — hold little water." The *Stonkus* court explained, "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Id.* (internal citations omitted).

Plaintiffs claim that the reason they failed to oppose Defendants' motion to dismiss is because they were "not aware that Defendants [ ] even filed a Motion to Dismiss." Motion, p. 6:13-14. Regardless of whether Defendants served their motion at the correct address listed with the Court (they did), Defendants' motion was docketed with the Court since January 2012. Plaintiffs evidently failed to check the docket, even after filing their opposition to co-defendant's motion, for seven months. If Plaintiffs had been diligently prosecuting their claims, it seems they would be interested in whether Defendants had responded to their FAC. Yet Plaintiffs never sought to take Defendants' default or even inquire as to whether a response had been filed. Plaintiffs' neglect was inexcusable and Plaintiffs' Motion must be denied.

## V.

## PLAINTIFFS SHOULD HAVE RECEIVED NOTICE OF DEFENDANTS' MOTION TO DISMISS

Finally, the mailing address listed with the Court for service on the Plaintiffs is 402 West Broadway, Suite 1900, San Diego, CA 92101. That is the address to which

Case No. 3:11-cv-1699-W-MDD

Defendants mailed their motion to dismiss. *See* ECF No. 10-2. Not only have Plaintiffs maintained the same mailing address with the Court, they maintained the same email address and Defendants received confirmation that Notice of Electronic Filing had been sent to "veronica@vaguilarlaw.com." *See* Exhibit A, attached hereto. In the words of the *Stonkus* court, Plaintiffs' excuse holds "little water." The evidence before the Court establishes that Plaintiffs should have received notice of Defendants' motion to dismiss. Their vague contentions to the contrary do not constitute "good cause" and Plaintiffs' Motion should be denied.

## VI.
## CONCLUSION

Under the factors outlined by the Ninth Circuit, as well as by other circuits and the United States Supreme Court, Plaintiffs do not merit relief under Rule 60(b)(1) for "excusable neglect." Plaintiffs have offered no showing that their claims are validly pled or that the Court erred in granting Defendants' motions to dismiss. Moreover, allowing Plaintiffs to amend, and forcing Defendants to respond to yet another meritless pleading, would prejudice Defendants and be a waste of this Court's limited time and resources. Finally, Plaintiffs' purported excuse is undermined by the evidence before the Court. For each of these reasons, any one of which is sufficient, the Court should deny Plaintiffs' Motion. The judgment entered by the Court should stand.

Dated: August 27, 2012          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          */s/ Mark G. Rackers*
            EDWARD D. VOGEL
            MARK G. RACKERS

            Attorneys for Defendants
            WELLS FARGO BANK, N.A., sued individually
            and dba AMERICA'S SERVICING COMPANY,
            and MORTGAGE ELECTRONIC
            REGISTRATION SYSTEMS ("MERS")
            Email: mrackers@sheppardmullin.com

**Mark Rackers**

| | |
|---|---|
| **From:** | efile_information@casd.uscourts.gov |
| **Sent:** | Wednesday, January 11, 2012 2:40 PM |
| **To:** | CourtMail@casd.uscourts.gov |
| **Subject:** | Activity in Case 3:11-cv-01699-W -MDD Shapouri et al v. NDEX West LLC et al Motion to Dismiss |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of California

## Notice of Electronic Filing

The following transaction was entered by Rackers, Mark on 1/11/2012 at 2:39 PM PST and filed on 1/11/2012

**Case Name:** Shapouri et al v. NDEX West LLC et al
**Case Number:** 3:11-cv-01699-W -MDD
**Filer:** Mortgage Electronic Registration Systems, Inc.
Wells Fargo Bank, National Association
**Document Number:** 10

**Docket Text:**
MOTION to Dismiss *Plaintiffs' First Amended Complaint for Failure to State a Claim [Fed. R. Civ. P. 12(b)(6)]* by Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, National Association. (Attachments: # (1) Memo of Points and Authorities, # (2) Proof of Service)(Rackers, Mark)

**3:11-cv-01699-W -MDD Notice has been electronically mailed to:**

Mark G. Rackers   mrackers@sheppardmullin.com, pparker@sheppardmullin.com, rpowers-jones@sheppardmullin.com

Veronica M. Aguilar   veronica@vaguilarlaw.com

**3:11-cv-01699-W -MDD Electronically filed documents must be served conventionally by the filer to:**

1

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=1/11/2012] [FileNumber=5832511-0
] [aa9886dcb8790e96adbc7ff4c6d9fdab8dfbc3a103f85a355cfc53cffcf918936dd
3745867bc12ab407057e4ad2d9141a50186376bf85dee1c4a7e1d95aec82a]]
**Document description:**Memo of Points and Authorities
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=1/11/2012] [FileNumber=5832511-1
] [655c786ac3601fe683feff4378522dba1462fb97fee90715c9dbf1a378d1f5bc233
c355260c366a0f4a21121c7a00ba18171358affc72c68adf542d055117914]]
**Document description:**Proof of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=1/11/2012] [FileNumber=5832511-2
] [25452583764556c61206bf3b93e4517bfbd4888b81feb8e52c2552a12d0fff1d434
81701b6b94626ec6b1d122aec8998a7675c1461a39b6d61ca3ecb540167d0]]

| | |
|---|---|
| 1 | *Ali Shapouri, et al. v. NDEX West, LLC, et al.*, United States District Court for the Southern District of California, Case No. 11-cv-01699-W-MDD |
| 2 | |
| 3 | PROOF OF SERVICE<br>STATE OF CALIFORNIA, COUNTY OF SAN DIEGO |

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On **August 27, 2012**, I served the following document(s) described as

**DEFENDANTS WELLS FARGO BANK'S AND MERS' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT**

<u>Electronic Mail Notice List</u>

**The following are those who are currently on the list to receive e-mail notices for this case.**

| | |
|---|---|
| **Veronica M. Aguilar**<br>Law Offices of Veronica M. Aguilar<br>402 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | Attorneys for Plaintiffs Ali Shapouri and Laura Amanda Shapouri<br>(619) 238-1221<br>(619) 563-1220 (fax)<br>veronica@vaguilarlaw.com |
| Masumi J. Patel, Esq.<br>Barrett Daffin Treder & Weiss LLP<br>20955 Pathfinder Rd, Ste. 300<br>Diamond Bar, CA 91765 | Attorneys for Defendant<br>NDEX West, LLC<br>Phone: (626) 915-5714<br>Fax: (626) 915-0289<br>masumijp@bdfgroup.com |

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 27, 2012, at San Diego, California.

_/s/ Pamela Parker_
PAMELA PARKER