UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SHAPOURI and LAURA AMANDA SHAPOURI,<br><br>                              Plaintiffs,<br><br>   v.<br><br>NDEX WEST, LLC, a Delaware Limited Liability Corporation, et al.,<br><br>                             Defendants. | CASE NO: 11-CV-1699-W-(MDD)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT [DOC. 21]** |

Pending before the Court is Plaintiffs Ali Shapouri and Laura Amanda Shapouri's motion to set aside judgment under Federal Rule of Civil Procedure 60(b). Defendants NDEX West, LLC ("NDEX"), Wells Fargo Bank, National Association ("Wells Fargo"), and Mortgage Electronic Registration Systems Inc. ("MERS") oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons discussed below, the Court **DENIES** Plaintiffs' motion [Doc. 21].

## I. BACKGROUND

On March 21, 2005, Plaintiffs obtained a mortgage loan from the now-defunct Secured Bankers Mortgage Company ("SBMC") for real property located at 7759 Via Zafiro, Rancho Santa Fe, California (the "Property"). (*FAC* [Doc.9] ¶¶ 1, 24.) The loan was secured by a Deed of Trust in favor of SBMC, which named MERS as beneficiary. (*Id.* ¶ 32; *NDEX's Req. Judicial Notice* ("RJN") [Doc. 13] Ex. 2.) Later, Wells Fargo took over for SBMC as the servicer of the loan. (*FAC* ¶ 45.)

On August 3, 2010, NDEX filed a Notice of Default and Election to Sell under Deed of Trust with the San Diego County Recorder's Office. (*See RJN* Ex. 4.) NDEX then filed a Notice of Trustee's Sale on November 4, 2010, declaring that a sale would take place on November 29, 2010. (*Id.* Ex. 6.) The sale did not go forward.

On June 30, 2011, Plaintiffs filed this lawsuit in the San Diego Superior Court, alleging 17 state and federal causes of action. On August 1, 2011, Wells Fargo and MERS removed the action to this Court under diversity and federal question jurisdiction. Thereafter, Defendants Wells Fargo and MERS filed a motion to dismiss the complaint based on, among other grounds, the expiration of the relevant statute of limitations. On December 16, 2011, this Court granted the motion, but also granted leave to amend claims that were found to be time barred. (*See 12/16/11 Order* [Doc. 8], 6:22–7:9, 8:7–9, 10:24–11:6.)

On December 28, 2011, Plaintiffs filed the FAC asserting five causes of action. On January 11, 2012, Wells Fargo and MERS (hereinafter collectively, "Wells Fargo") filed another motion to dismiss, and on January 18, 2012, NDEX filed a motion to dismiss the FAC. Plaintiffs filed an opposition to NDEX's motion, but not to Wells Fargo's motion.

On July 23, 2012, this Court granted the motions to dismiss the FAC. (*See Dismissal Order* [Doc. 19].) The Dismissal Order was based on Plaintiffs' failure to oppose, as well as on the Court's evaluation of the merits of both motions. Plaintiffs now seek to set aside the Dismissal Order.

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(1) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds of "mistake, inadvertence, surprise, or excusable neglect." As the Ninth Circuit has recognized, "Rule 60(b) is remedial in nature and . . . must be liberally applied." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Relief under rule 60(b), however, is not a matter of right, and courts have discretion whether to grant it. See Carter v. United States, 973 F.2d 1479, 1489 (9th Cir. 1992.)

The determination of whether a party's inaction in a case constitutes excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391 (1993)). When deciding if a party's failure to meet a court deadline is excusable under Rule 60(b)(1), the Ninth Circuit has instructed courts to apply a four-factor balancing test that considers (1) "the danger of prejudice to the [non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Id. at 381-82 (quoting Pioneer Inv. Servs. Co., 507 U.S. at 391).

Here, Plaintiffs contend that the Dismissal Order should be set aside because their "counsel's failure to file a timely response to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint was not as a result of Plaintiffs' counsel's culpable conduct as she was not aware of Defendants [Wells Fargo's] . . . Motion to Dismiss Plaintiffs' First Amended Complaint." (*Set Aside Mt.* [Doc. 21], 6:10–13.) The Court is not persuaded for at least two reasons.

First, Plaintiffs' counsel's claimed lack of knowledge about Wells Fargo's motion is difficult to reconcile with the relevant facts. When Wells Fargo filed its motion,

1  Plaintiffs' counsel was registered with CM/ECF, the court's electronic notification
2  system. As a result, Plaintiffs' counsel was automatically electronically served with
3  Wells Fargo's motion to dismiss. See Civ. L.R. 5.4 (c). Indeed, the CM/ECF electronic
4  receipt on the docket confirms that Plaintiff's counsel was served with the motion on
5  January 11, 2012 at 2:39 p.m. And the receipt establishes that electronic service of
6  Wells Fargo's motion was emailed to the same address (e.g.,
7  veronica@vaguilarlaw.com) as NDEX's motion, which was electronically served on
8  January 18, 2012 and to which Plaintiffs responded. Finally, assuming Plaintiff's counsel
9  did not receive the electronically served version of Wells Fargo's motion, Wells Fargo's
10 proof of service confirms that she was served with a copy of the motion by regular U.S.
11 mail. (*See Proof of Serv.* [Doc. 10-2], 2.)

12     Moreover, Plaintiff's counsel's claimed lack of "culpability" cannot be reconciled
13 by her presumed knowledge of the normal pleading deadlines applicable to civil cases.
14 Federal Rule of Civil Procedure 15(a)(3) requires a defendant to respond to an
15 amended pleading "within the time remaining to respond to the original pleading or
16 within 14 days after service of the amended pleading, whichever is later." Plaintiffs'
17 FAC was filed on December 28, 2011  (*see FAC* [Doc. 9]). Under Rule 15(a)(3),
18 Defendants' responsive pleading was clearly due by the end of January 2012. Assuming
19 (1) that Plaintiff's counsel was keeping track of deadlines in this case and (2) that she
20 did not believe Wells Fargo had filed the motion to dismiss, Plaintiff's counsel should
21 have believed that by February 1, 2012, Wells Fargo had failed to respond to the FAC.
22 Yet, as of July 23, 2012, Plaintiff's counsel had apparently done nothing to determine
23 whether Wells Fargo and MERS had responded to the FAC. For these reasons, the
24 Court finds that Plaintiffs have failed to provide a sufficient reason for failing to file an
25 opposition to Wells Fargo's motion.

26     Second, Rule 60(b) balances the policy of deciding cases on the merits with the
27 litigants' interest in the finality of judgments. TCI Group, 244 F.3d at 697 (citing Pena
28 v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir. 1985)). Conspicuously missing

from Plaintiffs' motion to set aside is any assertion that the Dismissal Order is wrong. Instead, the entire motion is based on Plaintiffs' counsel's alleged lack of knowledge about the motion. But the Dismissal Order evaluated the merits of Wells Fargo's motion and found that the FAC's allegations established that Plaintiffs' claims were time barred and that Plaintiffs were not entitled to tolling: "the few 'factual' allegations in the FAC establish that the Shapouris should have discovered the alleged wrongful conduct immediately after the loan closed." (*Dismissal Order*, 5:1–2.) Additionally, because this Court had previously given Plaintiffs leave to amend the complaint to address the statute of limitations problems, and the FAC utterly failed to do so, leave to amend would not have been granted regardless of whether Plaintiffs had filed an opposition requesting leave. Indeed, this Court denied Plaintiffs' request for leave to amend that was included in their opposition to NDEX's motion to dismiss. Accordingly, for all these reasons, Plaintiffs' request to set aside the judgment will be denied.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion to set aside [Doc. 21] is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 16, 2012

_____
Hon. Thomas J. Whelan
United States District Judge